UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
03 JUN 17 PM 4: 10
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| PACCAR FINANCIAL CORP., | ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Civil Action No. CV-02-S-1445-S |
| DAVID MITCHELL CONSTRUCTION, INC., AND DAVID MITCHELL, an individual, | ) ) ) ) ) | |
| Defendants. | ) | |

ENTERED
JUN 17 2003

## MEMORANDUM OPINION

Defendant David Mitchell Construction, Inc. ("Mitchell Construction"), purchased several pieces of industrial equipment from Cooper Kenworth, Inc. ("Kenworth"), in January and February of 2000. Mitchell Construction financed those purchases by executing two "Security Agreement Retail Installment Contract[s]" in favor of Kenworth. Those agreements granted Kenworth a security interest in certain equipment. Pursuant to a provision contained in each agreement, Kenworth assigned both contracts to plaintiff, Paccar Financial Corporation.

As a condition to plaintiff's extension of credit to Mitchell Construction, defendant David Mitchell contemporaneously executed and delivered to plaintiff two guaranty agreements, under the terms of which Mitchell personally guaranteed payment of Mitchell Construction's indebtedness under the security agreements.

Mitchell Construction later defaulted, and plaintiff filed this action on June 14, 2002, seeking a writ of seizure and judgment in the amount of $166,588.47, which was the amount due under the security agreements at the time. Pursuant to the terms of the security agreements, interest accrued on the amount owed at a rate of 12.5 percent per annum.

United States Magistrate Judge Paul W. Greene entered an Order for Writ of Seizure on July 23, 2002,[1] and plaintiff repossessed its collateral soon thereafter. The collateral was sold at private sale on or about August 23, 2002, and plaintiff credited the proceeds of sale to the indebtedness owed by Mitchell Construction under the security agreements as follows:

| | |
|---|---:|
| Principal and interest owed under the security agreements: | $181,006.46 |
| Less proceeds of private sale: | - 51,858.37 |
| Deficiency: | $129,148.09 |

The security agreements provide that Mitchell Construction is liable for any deficiency, following default and sale of collateral. The security agreements further provide that Mitchell Construction is liable for all costs incurred by plaintiff resulting from Miller Construction's default, including reasonable attorneys' fees and costs incident to the enforcement of the terms and remedies set forth in the security agreements. The guaranty agreements, in turn, provide that upon default of Mitchell Construction, David Mitchell, as guarantor, is liable for any and all amounts owed under the security agreements.[2]

Plaintiff asserts, through the affidavit of one of its attorneys, C. Ellis Brazeal, III, that, as of May 1, 2003, it has incurred $13,692.94 in attorneys' fees and costs. Brazeal states that he and his attorney colleagues have expended a total of 59.9 hours in the prosecution of this action, at a cost of $11,905.00 (approximately $198.75 per hour). Brazeal further attests that his firm expended $1,787.94 in costs.[3] The addition of these fees and costs to the balance purportedly owed by defendants pursuant to the security and guaranty agreements brought the total unpaid debt to

---

[1] *See* doc. no. 11.

[2] The factual summary is distilled from the facts set forth in plaintiff's summary judgment motion. *See* doc. no. 16.

[3] *See id.* at Tab 2 (Brazeal affidavit).

$142,841.03, as of May 5, 2003.[4]

Plaintiff moved this court to grant summary judgment in its favor on all claims that it asserts against defendants on May 5, 2003, and demanded a judgment in amount of $142,841.03, plus interest calculated at 12.5 percent per annum from May 5, 2003.[5] The court then issued a submission order, setting forth a briefing schedule, and stating that the motion would be deemed submitted to the court for decision, without oral argument, as of June 2, 2003.[6] The briefing schedule directed that defendants were to file any evidence opposing summary judgment on or before May 26, 2003.[7] Defendants were further ordered to file any brief opposing summary judgment on or before June 2, 2003.[8] Both submission dates have long since passed, but defendants have filed nothing to oppose plaintiff's motion, nor have they favored this court with any notification that they do not oppose the motion.

As noted above, defendants were given notice of the dates by which they should submit any brief in opposition to the motion. Therefore, it cannot be seriously contended that they were unaware of their burden under Federal Rule of Civil Procedure 56. Specifically, that burden requires that, when a motion for summary judgment is made and supported as provided by the Federal Rules of Civil Procedure, defendants, as the adverse parties:

> may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

---

[4] *See id.* ¶ 16.
[5] *See id.*
[6] *See* doc. no. 17.
[7] *See id.*
[8] *See id.*

Fed. R. Civ. P. 56(e); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986) (holding that summary judgment will be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial"). "Once the moving party discharges its initial burden of showing that there is an absence of evidence to support the non-moving party's case, the non-moving party must specify facts proving the existence of a genuine issue of material fact for trial confirmed by affidavits, 'depositions, answers to interrogatories, and admissions on file.'" *Comer v. City of Palm Bay*, 256 F.3d 1186, 1192 (11th Cir. 2001) (quoting *Celotex*, 477 U.S. at 324, 106 S. Ct. at 2553 (in turn quoting Rule 56(c)) (some quotation marks omitted). "There is no genuine issue for trial unless the non-moving party establishes, through the record presented to the court, that it is able to prove evidence sufficient for a jury to return a verdict in its favor." *Cohen v. United American Bank of Central Florida*, 83 F.3d 1347, 1349 (11th Cir. 1996) (affirming grant of summary judgment where non-moving party did not adduce evidence in support of claim, and, failed to "supplement the allegations of the complaint with affidavits, file a memorandum in opposition to the motion for summary judgment, or otherwise comply with Rule 56(e) on a timely basis").

Upon careful review of the pleadings and materials submitted by plaintiff, the motion for summary judgment is GRANTED. There are no genuine issues of material fact, and plaintiff is entitled to judgment as a matter of law on all of its claims. Further, the court finds that plaintiff's claim for damages, attorneys' fees, and costs is well-documented and reasonable. Defendants have had ample time to object to plaintiff's calculations, but did not do so. Accordingly, a final judgment will be entered against both defendants, and in favor of plaintiff, in the amount of $142,841.03, plus

interest calculated at 12.5 percent per annum from May 5, 2003.

DONE this __17th__ day of June, 2003.

_____
United States District Judge